HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN LAYTON,<br><br>               Plaintiff,<br>    v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>               Defendant. | CASE NO. 3:19-cv-05021-RBL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**I. INTRODUCTION**

THIS MATTER is before the Court on Defendant USAA Casualty Insurance Company's Motion for Summary Judgment on Plaintiff Steven Layton's contractual and extra-contractual claims. Dkt # 23. This case involves Layton's claims under USAA's Personal Injury Protection ("PIP") coverage for medical treatment arising from a November 12, 2016, car accident. Layton was rear-ended while driving a vehicle owned by USAA's insured, John Parrish, with Parrish as his passenger. It is not disputed that, as a permissive driver, Layton was an "insured" under Parrish's USAA policy. Layton was transported and treated at Harrison Memorial Hospital.

Layton received a bill from West Sound Emergency Physicians, which USAA paid.[1] This bill is not the focus of Layton's lawsuit.

Layton returned to the hospital two days later, on November 14, for additional treatment of his injuries. Layton received another bill from West Sound for his November 14 visit that was for, coincidentally, the same amount as the November 12 visit. USAA denied Layton's claim for payment of West Sound's November 14 bill four times over the following year. It apparently believed West Sound's second, November 14 bill was a duplicate of the first, November 12 bill. West Sound eventually sent the unpaid November 14 bill to a collection agency in October 2017. Layton found out and notified USAA that the November 14 bill was in collections. USAA finally made a partial payment on the November 14 bill, equivalent to the portion it paid on the November 12 bill.

Layton sued USAA for breach of contract and for bad faith, including Insurance Unfair Conduct Act (IFCA) and Consumer Protection Act (CPA) claims, for its refusal to pay West Sound's November 14 bill. Layton claims that USAA unreasonably denied payment of West Sound's November 14 bill until it was sent to collections.

USAA seeks summary judgment. Dkt # 23. In doing so, it rather remarkably makes the same mistake that it made when first presented with the November 14 bill—it confuses the "at issue" November 14 bill with the "for the same amount, already paid, not at issue in the case" November 12 bill. It argues that its evaluation and payment of Layton's *November 12 bills* was reasonable and that his extra-contractual claims have no merit as a matter of law. But Layton's November 12 bills are not the subject of this lawsuit. He correctly points out that he sued about

---

[1] USAA did not pay the full amount, but that is not what Layton is suing about.

the West Sound's November 14 bill and that the Court cannot grant a motion arguing that his claims about the November 12 bill have not merit; there are no such claims.

Realizing its mistake, USAA argues in its reply that it also reasonably evaluated Layton's November 14 hospital bill, because it eventually paid it. But that is not the test for a claim of bad faith. Even if it were, USAA's effort to seek summary judgment on the November 14 bill fails, as the Court will not entertain a wholly new argument about an entirely different claim that is raised in a reply brief.

USAA should not be tempted to file a new motion on the reasonableness of its handling of the November 14 bill based on this evidence. Viewed in the light most favorable to the non-moving plaintiff, USAA's delay and investigation was unreasonable, and that is bad faith. *See Folweiler Chiropractic, PS v. Am. Family Ins. Co.*, 5 Wash. App. 2d 829, 839, 429 P.3d 813 (2018) ("[A] mere delay in use of property or receiving payment is an injury under the CPA."); *Griffin v. Allstate Ins. Co.*, 108 Wash. App. 133, 146–47, 29 P.3d 777 (2001) ("Failure to conduct a reasonable investigation constitutes bad faith."). It is no excuse (and certainly not one as a matter of law) that USAA could not (and cannot) differentiate between two bills from the same organization for the same amount in the same month of the same year but incurred two days apart.

USAA's Motion for Summary Judgment (Dkt # 23) is DENIED.

IT IS SO ORDERED.

Dated this 15th day of November, 2019.

Ronald B. Leighton
United States District Judge

ORDER DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 3